**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ROBERT LEE PENNY SR.**                                              **PETITIONER**
**ADC #096049**

**V.**                           **CASE NO. 5:18-CV-88-BSM-BD**

**BOWIE COUNTY, TEXAS**                                         **RESPONDENT**

### RECOMMENDED DISPOSITION

I.    **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief

Judge Brian S. Miller.  Mr. Penny may file written objections with the Clerk of Court

within 14 days of the filing date of the Recommendation. Objections must be specific and

must include the factual or legal basis for the objection. An objection to a factual finding

must identify the finding of fact believed to be wrong and describe the evidence that

supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if

no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing the record.

II.    **Background:**

In March 2010, Petitioner Robert Penny pleaded guilty in Pulaski County Circuit

Court to aggravated residential burglary, rape, second-degree domestic battering, and

aggravated assault on a family member.[1] He also pleaded guilty to violating conditions of his suspended imposition of sentence stemming from previous convictions for third-degree domestic battering and first-degree terroristic threatening.[2] The state court judge sentenced Mr. Penny to an aggregate sentence of 300 months' imprisonment in the Arkansas Department of Correction ("ADC").[3]

Although Mr. Penny is in the custody of the ADC, he is presently held in the Bowie County, Texas Correctional Facility ("BCCF"), as the result of an apparent contractual agreement between the Arkansas and Texas facilities.[4] Believing that his incarceration in Texas is improper because he was neither charged nor convicted of a crime in Texas, Mr. Penny sought federal habeas relief in the United States District Court of Texas, Eastern Division, where the BCCF is located. See *Penny v. Bowie County, Texas*, Case No. 5:18-CV-5 (Docket entry #1).

In his petition, Mr. Penny contends that he was illegally transferred on April 27, 2016, from the ADC to BCCF and continues to be illegally detained in Texas. *Id*. The case was referred to United States Magistrate Judge Caroline Craven. Without addressing

---

[1] See Arkansas Judiciary Website, Docket Search, http://caseinfor.aoc.arkansas.gov; *State v. Penny*, 60CR-09-3990, Plea (March 8, 2010) and Judgment & Commitment Order (April 1, 2010).

[2] See Arkansas Judiciary Website, Docket Search, http://caseinfor.aoc.arkansas.gov; *State v. Penny*, 60CR-07-2658, Plea (March 8, 2010) and Judgment & Commitment Order (April 1, 2010).

[3] *Id*.; see also Arkansas Department of Correction Website, Inmate Search, https://apps.ark.org?inmate_info/search.

[4] *Id*.

the merits of his claim, Judge Craven determined that Mr. Penny's petition "should be transferred to the federal judicial district where a petitioner physically incarcerated in Arkansas would file a petition challenging an Arkansas conviction" and ordered the case transferred to the Eastern District of Arkansas. *Penny v. Bowie County, Texas*, Case No. 5:18-CV-88-BSM-BD (#2 at 1). The case was transferred April 9, 2018. (#3)

## III.    Discussion:

Before the complaint/petition can be served, the court must determine the nature of the case. A civil rights action brought under 42 U.S.C. §1983 challenges the conditions of a prisoner's confinement, whereas a habeas corpus action is the sole federal remedy for a prisoner to attack the validity of his conviction or confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).

Mr. Penny, who is proceeding without the help of a lawyer, cites both Article 17.151 of the Texas Code of Criminal Procedure and Article IV, Section 2, Clause 3 of the United States Constitution in support of his habeas claim that he is being illegally incarcerated in the BCCF. (#1) Neither of these provisions is applicable.

Mr. Penny does not allege that the judgment under which he was sentenced and is currently serving time is invalid in any way. Rather, his complaint concerns where he is being held; that is, where he is serving his sentence. Accordingly, he has not stated a valid claim for federal habeas corpus relief.

In an Order issued on April 13, 2018 (#4), this Court afforded Mr. Penny the opportunity to convert his case from a habeas action to a civil rights conditions-of-confinement claim. Mr. Penny was warned that if his converted petition was not received

within 30 days of the April 13 Order, this Court would recommend that his habeas petition be dismissed. In the April 13 Order, Mr. Penny was also directed to pay the $400 filing fee or, in the alternative, to submit a complete *in forma pauperis* application. To date, Mr. Penny has not addressed the filing fee requirement, as ordered, and the time for doing so has passed.

**IV.     Conclusion:**

Because Mr. Penny's habeas petition does not state a cognizable federal habeas claim, and because he has not complied with the Court's Order to address the filing fee requirement, the Court recommends that Mr. Penny's petition for habeas corpus (#1) be dismissed, without prejudice, under Local Rule 5.5(c)(2). The Court further recommends that no certificate of appealability be issued.

DATED this 23rd day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE